

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

REGINA LEWIS,

                    Plaintiff,

          v.

DR. RENATA KRYMKEVICH, DR. SHASHIKALA
ABKARI, ROCKLAND PSYCHIATRIC CENTER,
KATE DOLPHIN

                    Defendants.

**07 Civ. 4583 (SCR)(GAY)**

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

**STEPHEN C. ROBINSON, United States District Judge:**

Plaintiff Regina Lewis ("Lewis"), proceeding *pro se*, brings this action against Dr.

Renata Krymkevich, Dr. Shashikala Abkari, Rockland Psychiatric Center ("RPC"), and Kate

Dolphin. Upon the filing of Lewis's second amended complaint, defendants RPC and Dr.

Krymkevich each renewed their motions to dismiss pursuant to both Rule 12(b)(1) and 12(b)(6)

of the Federal Rules of Civil Procedure. On September 22, 2009, Magistrate Judge George A.

Yanthis submitted a report and recommendation to the Court recommending that both

defendants' motions to dismiss should be granted as to all of Plaintiff's claims. Subsequently, on

October 4, 2009, Lewis filed a series of objections to Judge Yanthis's conclusions.[1]

Having considered Judge Yanthis's thorough and well-reasoned report and

recommendation in light of Plaintiff's objections, the Court agrees with the reasoning contained

therein and adopts its conclusions in full.

---

[1] Lewis actually filed two, largely identical, sets of objections with the Court. *Compare* Plaintiffs [sic] objection to report and recommendation, Docket Entry # 54 *with* Plaintiffs [sic] amended objection to report and recommendation ("Pl.'s Objs."), Docket Entry # 55. The objections included in the first filing—dated September 25, 2009—appear to be completely reproduced within the second filing, dated October 4, 2009. For the sake of completeness, therefore, all references to Plaintiff's objections will be to that later amended document.

1

## I. FACTS

Knowledge of the facts alleged in Lewis's second amended complaint, as described in Part I of Judge Yanthis's report and recommendation, is assumed for purposes of this order.

## II. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept a Report and Recommendation to which no timely and actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y 2006); *see also Pizaro v. Cartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (noting that a court may accept an unobjected-to report if it is "not facially erroneous").

When, however, specific objections are made by the parties "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). A *de novo* determination, as opposed to a *de novo* hearing, permits a district judge to place whatever level of reliance upon the magistrate's proposed findings and recommendations as is appropriate in the exercise of sound judicial discretion. *United States v. Raddatz*, 447 U.S. 667, 676 (1980). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82 (W.D.N.Y. 1992). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and

2

Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL

23023771, at *1 (S.D.N.Y. Dec. 29, 2003).

This standard of review must be applied while remaining cognizant of the Court's

obligation to construe a *pro se* litigant's submissions liberally so that they raise the strongest

possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474–75 (2d Cir. 2006) (citations omitted).

## III. DISCUSSION

In her amended submission to the Court, Lewis makes a number of objections of varied

relevance to Judge Yanthis's report and recommendation. Construing that document to raise the

strongest arguments it suggests reveals the following pertinent objections: (1) Judge Yanthis

failed to accept the facts alleged in Lewis's complaint as true and/or failed to construe the facts

in such a way as to raise the strongest possible argument they suggest;[2] (2) Rockland Psychiatric

Center is not an arm of state government entitled to Eleventh Amendment immunity from suit;[3]

(3) Krymkevich should be regarded as a state actor such that she is amenable to suit under 42

U.S.C. § 1983; (4) even in the absence of a viable federal claim, the Court should exercise

supplemental jurisdiction over Lewis's related state law claims.

### a. Failure to accept the allegations of the complaint as true

Upon a motion to dismiss, under either 12(b)(1) or 12(b)(6), a court must assume the

truth of the factual allegations set forth in the complaint. *Shipping Fin. Servs. Corp. v. Drakos*,

---

[2] This objection is amplified from Lewis's assertion that "[t]he court is required to construe the facts to allow jurisdiction." Pl.'s Objs. at 1.

[3] Lewis, having asserted that RPC, Dr. Abkari, and Dolphin "are not arms of the state," goes on to contend that those defendants "are not government employees representing the state as their primary purpose nor do they control or decide any state duties regarding the overall function of the State." Pl.'s Objs. at 1. The legal status of defendants Abkari and Dolphin is not pertinent to the motions to dismiss of RPC and Dr. Krymkevich. The Court, therefore, reserves any determination on that matter at this time.

140 F.3d 129, 131 (2d Cir. 1998) (citations omitted); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). Further, a court must "draw all reasonable inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory*, 243 F.3d at 691. As discussed above, that standard is only amplified where a *pro se* litigant is involved.

Despite this heightened standard, the Court finds that Judge Yanthis's recitation of the facts alleged in Lewis's amended complaint readily satisfies this test. The Report and Recommendation sets out in admirable detail the numerous factual allegations included in Plaintiff's amended pleading. Having conducted its own review of the pleadings, this Court has determined that Lewis's factual allegations were indeed accepted as true and construed liberally throughout Judge Yanthis's analysis. Furthermore, because Judge Yanthis recommended dismissal on the grounds of Eleventh Amendment immunity and the state actor doctrine, the content of the factual allegations is somewhat secondary to that predominantly legal analysis. Accordingly, Lewis challenges those legal conclusions and discussion of those matters is addressed in the following sections of this Order.

**b. Rockland Psychiatric Center and Eleventh Amendment immunity**

Judge Yanthis's concluded that Rockland Psychiatric Center is an arm of the State of New York entitled to immunity under the Eleventh Amendment. Upon *de novo* review, this Court reaches the same result and adopts that finding in full. Among her objections, Plaintiff argues that RPC (and defendants Abkari and Dolphin) "receive funds from the state and federal government [ ] to perform a specific job that they failed miserably to do according to the Centers for Medicade [sic] and Medicare a Federal Agency disbursing funds to RPC." Pl.'s Obj. at 1. Plaintiff continues "defendants are not government employees representing the state as their primary purpose nor do they control or decide any state duties regarding the overall function of

4

the state." *Id.* Liberally construing these objections, Lewis appears to contend that RPC cannot be characterized as an arm of the state because (1) it receives funding from the federal government; and (2) it does not carry out any decision-making function on behalf of the state nor is the representation of the state its primary purpose.

As Judge Yanthis correctly noted, the party seeking immunity under the Eleventh Amendment has the burden to demonstrate that it is an arm of the state. *Gorton v. Gettel*, 554 F.3d 60, 62 (2d Cir. 2009) (citation omitted). The factors used to determine whether an entity is an arm of the state are:

(1) how the entity is referred to in its documents of origin; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's financial obligations are binding upon the state.

*Id.* (quoting McGinty v. New York, 251 F.3d 84, 95–96 (2d Cir. 2001)). Without reproducing Judge Yanthis's application of these factors in full, suffice to say the analysis was sound, consistent with that engaged in upon *de novo* review by this Court, and consistent with the case law in this Circuit. *See, e.g.*, *Greenwood v. The State of New York*, 939 F. Supp. 1060, 1065 (S.D.N.Y. 1996) (holding that the Eleventh Amendment prevented suit against the Manhattan Psychiatric Center, a mental health institution maintained and operated by the New York State Office of Mental Health), *aff'd in part, vacated in part*, 163 F.3d 119 (2d Cir. 1998); *see also Francois v. Office of Mental Health*, 715 F. Supp. 69, 72 (S.D.N.Y. 1989) (noting that the Eleventh Amendment prevents a claim under 42 U.S.C. § 1981 against the Bronx Psychiatric Center absent state consent).

The Court finds Lewis's first objection to this analysis unavailing. The mere fact that RPC may receive both state and federal funding pertains only to the third of the factors listed

5

above. Even assuming *arguendo* that such bilateral funding tends against Eleventh Amendment immunity, the ultimate conclusion is not disturbed. As Judge Yanthis correctly noted, if the factors suggest different outcomes, "a court must ask whether a suit against the entity in federal court would threaten the integrity of the state and expose its treasury to risk." *Gorton,* 554 F.3d at 62 (internal quotation omitted). RPC is a psychiatric facility established within the Office of Mental Health ("OMH"), while OMH is itself an agency of the State of New York. N.Y. Mental Hyg. Law §§ 7.17, 7.01 (McKinney's 2006). The commissioner of OMH is, in turn, required to turn over all of OMH's obligations and certain deposits to the comptroller of the state. *Id.* § 7.31(a)(1). Even assuming that the factors listed above suggested that RPC was not an arm of the state, this over-arching financial relationship between OMH and the state would resolve the issue conclusively in defendant RPC's favor.

Lewis's second objection, that RPC does not carry out any decision-making function on behalf of the state nor is the representation of the state its primary purpose, is equally unpersuasive. Simply stated, these factors are not listed among those that a court should consider in determining whether an entity is an arm of the state. Indeed, it is exactly because the entity at issue is not itself an obvious decision-making agency of the state, that a court must engage in this analysis at all. In short, Judge Yanthis's conclusion that RPC is an arm of the state entitled to immunity from suit under the Eleventh Amendment is adopted.

### c. Applicability of 42 U.S.C. § 1983 to Dr. Krymkevich

In her amended objection, Lewis alleges that she had previously been assured by then-Chief Judge Kimba Wood that Krymkevich would be regarded as a state actor when assessing Lewis's claims.[4] A plain reading of Judge Wood's order, dated May 31, 2007, reveals no such

---

[4] "Kimba M Woods required me to amend my complaint and determined after substantive review and viable claims raised against RPC that I would be issued a docket assigned to judges and Renata Krymkevich would be treated a s

6

promise or assurance. Judge Wood, in granting Lewis leave to amend her initial complaint, made every appropriate effort to instruct Lewis how to tailor her amended complaint so that she might raise the best possible arguments her factual allegations suggested. Judge Wood wrote: "To the extent plaintiff raises § 1983 claims against Dr. Kremkavich,[5] she must allege facts showing that that defendant acted under color of a state statute, ordinance, regulation, custom or usage." Order, dated May 31, 2007, at 3 (quotation marks omitted). While observing that the named defendant appeared to be a doctor working at a private hospital, Judge Wood reserved judgment on the issue of her status as a state actor noting that "[p]laintiff fails to provide enough information for this Court to determine whether this defendant's conduct may properly be attributed to the state." *Id.* at 4. Accordingly, Lewis was directed to "provide further information about Kremkavich's role in her hospitalization, treatment, and transfer to RPC." *Id.*

To the extent Lewis objects to the conclusion reached by Judge Yanthis that Krymkevich cannot be considered a state actor for purposes of §1983, she does no more than raise the same arguments considered by the magistrate judge in issuing his report and recommendation. *See* Pl.'s Second Suppl. Resp. to Deft.'s Mot. to Dismiss at 2–3. Accordingly, this Court reviews the finding for clear error only and finds none. While, as to Judge Yanthis's finding that Lewis's amended pleading "is devoid of evidence that would support an inference that Dr. Krymkevich and RPC invidiously discriminated against plaintiff," Lewis makes no cognizable objection at all. Rep. & Rec at 18; *see generally* Pl.'s Objs. Judge Yanthis's conclusions that Lewis failed to sufficiently plead that Krymkevich is a state actor or that she acted in concert with RPC are therefore adopted by this Court.

---

state actor and the court would exercise it's supplemental jurisdiction over any state related claims, therefore obviously criteria was met." Pl.'s Obj. at 2.
[5] At this stage of the litigation, the spelling of Dr. Krymkevich's name was based purely on that provided by Plaintiff.

7

### d. Supplemental jurisdiction in the absence of a federal claim

Based on the foregoing, Plaintiff's amended complaint contains no viable federal claims against either RPC or Krymkevich. Accordingly, Judge Yanthis recommended that this Court decline supplemental jurisdiction over plaintiff's state causes of action. Lewis objects to this recommendation, arguing that she has been prejudiced by the two-year delay between the filing of this case and the dismissal of these claims.

As both the Supreme Court and Second Circuit have noted, in a case "where the federal claims are dismissed, the state claims should be dismissed as well." *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). The exercise of supplemental jurisdiction is within the discretion of the court, but "the usual case 'will point toward declining jurisdiction over the remaining state-law claims.'" *Murray v. Visiting Nurse Services*, 528 F. Supp. 2d 257, 280 (S.D.N.Y. 2007) (quoting *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The Court chooses to heed that advice in the instant matter. Furthermore, Lewis should suffer no prejudice as a result of being required to re-file her state law claims in state court. *See Tishman v. Assoc. Press*, No. 05 Civ. 4278, 2007 WL 4145556, at *9 (S.D.N.Y. Nov. 19, 2007) (noting that New York law allows a plaintiff to recommence a dismissed suit, initially timely filed, within six months of dismissal without regards to the statute of limitations). Here, the Court adopts Judge Yanthis's recommendation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims against defendants RPC or Krymkevich.

### IV. CONCLUSION

Based on the foregoing, as to defendants RPC and Krymkevich, this case is dismissed. The Clerk of the Court is directed to close docket entries 9 and 12.

8

*It is so ordered*

Dated: White Plains, New York

December 17, 2009

Stephen C. Robinson, U.S.D.J.