UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINA LEWIS, | |
| Plaintiff, | |
| -against- | 07-CV-4583 (CM) |
| RENATA KRYMKEVICH; DR. ACURI; ROCKLAND PSYCHIATRIC CENTER; KATE DOLPHIN; DR. ABKARI SHASHIKALA, | ORDER |
| Defendant. | |

COLLEEN McMAHON, Chief United States District Judge:

On May 31, 2007, Plaintiff Regina Lewis filed this action *pro se* and *in forma pauperis*, under 42 U.S.C. § 1983. On January 17, 2009, it was dismissed on the merits. On January 6, 2020, Plaintiff filed a motion for reconsideration. This case has a long and convoluted procedural history, but the Court refers only to those events relevant to the pending motion.

## BACKGROUND

In this complaint, Plaintiff alleged that in 2006, she was admitted to St. Luke's Cornwall Hospital for post-traumatic stress disorder, and that a doctor there forcibly treated her with medications that caused severe negative side effects such as hair loss, skin rashes, suicidal thoughts, anxiety, mania, and muscle weakness. Plaintiff was later transferred to the Rockland Psychiatric Center (RPC), where she continued to be treated, over her objection, with psychiatric medications that she alleged adversely affected her. Plaintiff filed an amended complaint on July 11, 2007.

Several different district judges were assigned to this matter over the years. On September 22, 2009, then-Magistrate Judge Yanthis issued a report and recommendation that the federal claims against Krymkavich and RPC in Plaintiff's amended complaint be dismissed on

immunity grounds and for failure to allege the requisite state action for bringing § 1983 claims, and that the Court decline to exercise supplemental jurisdiction over any state law claims. On December 17, 2009, after considering Plaintiff's multiple objections, then-Judge Robinson adopted the report and recommendation, and the matter was dismissed and closed. Plaintiff submitted additional, untimely objections, which Judge Robinson considered under Federal Rule of Civil Procedure 60, and denied, on January 22, 2010. (ECF Nos. 51, 58, 63.)

Plaintiff moved for reconsideration on January 18, 2012, an application that then-judge Forrest denied on January 23, 2012. (ECF Nos. 100, 101.) Plaintiff filed a notice of appeal, but the Second Circuit dismissed the appeal on default. *Lewis v. Krymkavich*, No. 12-717 (2d Cir. June 5, 2012).

On January 6, 2020, Plaintiff filed this motion for relief under Federal Rule of Civil Procedure 60(b). According to Plaintiff, the Court erred in 2009 when it declined to exercise supplemental jurisdiction over her state law claims, and when it determined that Defendants were either immune from suit or not state actors who could be held liable under § 1983.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

A motion seeking relief under Rule 60(b)(1), (2), or (3) must be brought within one year of the date of entry of the order or judgment the motion seeks to challenge. Fed. R. Civ. P. 60(c)(1).

Plaintiff previously moved for reconsideration in this case, in 2012, and that motion was denied. Assuming Plaintiff's intent is to seek relief again under Rule 60(b)(1), (2), or (3), her application is untimely. The order and civil judgment dismissing this action were entered on January 17, 2009. But Plaintiff did not submit this application until January 6, 2020, well beyond the one-year limitations period.[1]

In any event, even under a liberal interpretation of Plaintiff's application, she fails to allege any facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, the motion for reconsideration is denied.

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF doc. #114) is denied. Any other pending matters are terminated.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[1] Plaintiff has filed motions for reconsideration in other long-closed cases, which have also been dismissed as untimely. *See Lewis v. Abbot Laboratories*, ECF 1:08-CV-7480, 62 (RA) (S.D.N.Y. Apr. 1, 2020) (noting that the court had previously dismissed a substantially similar motion on March 2, 2020); *Lewis v. Newburgh Nissan North Amer.*, ECF 1:04-CV-4562, 111 (LGS) (S.D.N.Y. Jan. 9, 2020) (warning Plaintiff that continued frivolous filings will result in additional sanctions).

Plaintiff's case in this Court under Docket No. 07-CV-4583 is closed. The Court will only accept for filing documents in this case that are directed to the Second Circuit Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 4, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge